NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANNE HILTNER,

        Plaintiff,

  v.

THE DISNEY CORPORATION, et al.

        Defendants.

CIVIL NO. 05-2822 (SRC)

**OPINION**

**CHESLER, District Judge**

    **THIS MATTER** comes before the Court on a complaint (docket entry #1), filed by Plaintiff, against various Defendants, the Walt Disney Company, Buena Vista Books, Inc., Touchstone Television Productions, LLC, American Broadcasting Companies, Inc., and Steven King ("Defendants"). The Court, having reviewed the Plaintiff's filing and the record in this action concludes that the Plaintiff's action here is frivolous. Accordingly, the case is dismissed, in its entirety, on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.    BACKGROUND OF THE CASE**

    Plaintiff filed the current complaint on or about June 1, 2005, *in forma pauperis*. The filing consisted of an eight page memorandum. While the Court finds it difficult to parse the Plaintiff's often illogical prose to discern intelligible legal claims being made against the various

1

Defendants and others, the Court will attempt to identify some of the claims being raised for the purposes of illustration.  The Plaintiff is seeking injunctive relief and compensation from the publication and broadcast of a television series entitled *Stephen King's Kingdom Hospital* and a related book named *The Journals of Elanor Druse*.  (Complaint at 1.)  The Plaintiff claims that the central character in the book and television series, the "psychic Sally Druse" is a depiction of the Plaintiff, which is based on her personal journals and private events of the Plaintiff and her family.  (Id. at 3.)  The Plaintiff further objects to the depiction of this character in the book and TV series "as a 'psychic,'" contending that this depiction was done "in order to degrade, disenfranchise and segregate an American citizen from equal rights under the laws for unlawful prejudice . . . ." (Complaint at 3.)  The alleged purpose behind this defamatory portrayal is to provide the Defendants with "a free vehicle about Danish persons from which to fabricate an abusive, crude and offensive novel intended to defame an American of Danish heritage and perpetuate exploitation of 'gentiles' by the Jewish CEO of the Disney Corporation acting for unlawful religious and racial supremacy in violation of American laws."  (Complaint at 4.)

These, and the other allegations included in the Plaintiff's complaint, are not supported by any specific facts.  For example, the Plaintiff offers no facts to indicate that anything in the *Journals of Elanor Druse* or the television series *Kingdom Hospital* concern the Plaintiff's personal life or otherwise pertain specifically to her or her family.  The basis for her claim linking the two appears to be a review of the book *Journals of Elanor Druse* from the Amazon.com website which the Plaintiff quotes in order to "make[] clear" that the book was written to invade her privacy and copyrighted works.  The review, as quoted in the Complaint, however, makes no mention of the Plaintiff or her family, but merely recounts the plot of the

book which features "a fictional heroine who acts as both author and narrator," who resides in Lewiston Maine.[1]  (Complaint at 5.)  These facts are offered as sufficient to definitively link the fictional character of Ms. Druse to the Plaintiff, who is also a "free lance [sic.] writer and former summer resident of the State of Maine."  (Complaint at 1.)

II.     DISMISSAL OF FRIVOLOUS ACTIONS UNDER 28 U.S.C. § 1915

While *pro se* complaints must be construed liberally, with due regard for providing adequate access to the courts for those Plaintiffs lacking the assistance of counsel, *in forma pauperis* complaints containing fantastic or delusional allegations are subject to judicial scrutiny since these litigants, "unlike a paying litigant, lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  To safeguard against such suits, courts shall dismiss *in forma pauperis* actions if the Court determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).

Out of respect for the goal of ensuring equality in consideration for all litigants, the initial assessment of an *in forma pauperis* complaint must weigh all factual allegations in the Plaintiff's favor.  See Denton v. Hernandez, 504 U.S. 25, 26 (1992).  Courts reviewing such claims are not,

---

[1] The review, as quoted by the Plaintiff in her complaint, reads as follows:
> Sudden death and unexplained natural events, together in a hospital mystery that focuses on the paranormal in Lewiston, Maine. Stephen King has created a fictional heroine who acts as both author and narrator. Druse investigates sightings, incorporeal beings, and works with doctors who try to solve the mystery of her ability to communicate with the dead. An unnamed narrator reads Druse's first-person story competently and fluently as she describes her personal involvement with the local hospital. An introductory letter to Stephen King creates the tie-in, encouraging readers to await the next installment of her adventures. (MBK. Portland Maine)

however, bound to accept without question the truth of the Plaintiff's allegations.  <u>Hernandez</u>, 504 U.S. at 33.  A court may dismiss claims where the facts alleged are "clearly baseless."  <u>Id.</u>

      The Plaintiff has filed numerous cases over the years against the author Steven King, the various companies that have published his works, and individuals and agencies of the United States government.  These cases, taken together, allege that various characters and events portrayed in Mr. King's novels are based on the Plaintiff and private events of her or her family that are contained in her diaries or, alternatively, copied from manuscripts allegedly authored by the Plaintiff or members of her family.  These manuscripts, diaries, and other private information which were used to create these novels were allegedly obtained by Mr. King by means of unlawful electronic surveillance conducted with the assistance of various government officials and agencies.

      The current case is simply the latest in a series of cases brought by the Plaintiff that have been summarily dismissed in this, and other jurisdictions.  <u>See</u>, <u>e.g.</u>, <u>Hiltner v. Simon and Schuster</u>, 34 Fed.Appx. 394 (1st Cir. 2002)(finding "no evidence" to support claims that Steven King novel *Riding the Bullet* was based on appellant's private life and allegations of illegal surveillance by Steven King and others "completely conclusory and [] not supported by specific facts");  <u>Hiltner v. United States, et. al.</u>, Docket No. 01-cv-0200 (D.D.C. 2001) (dismissing claims against President and other government agencies as based on "fantastic or delusional scenarios");  <u>Hiltner v. King</u>, Docket No. 3:91-cv-01144-AET (D.N.J. 1991) (copyright infringement claim summarily dismissed);  <u>Hiltner v. Cohen, et. al.</u>, 1991 WL 166688 (D.D.C. 1991) (dismissing claims against federal officials as "frivolous and malicious");  <u>Hiltner v. Regan</u>, 1991 WL 241938 (D.D.C. 1991) (dismissing claims against former President and others

as "incomprehensible and therefore frivolous").  Upon review of the Plaintiff's filings in this case, the Court is satisfied that the facts being alleged in the current complaint meet the standard of "rising to the level of the irrational or wholly incredible," and that this complaint should properly be dismissed as frivolous. Hernandez, 504 U.S. at 33; see 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

For the reasons stated above, and for good cause shown, the Court orders this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  An appropriate form of order will be filed herewith.

Date:   October 28, 2005

                                                                                 s/Stanley R. Chesler
                                                                              Stanley R. Chesler, U.S.D.J.